Pamela P. Collins, Asst. Atty. Gen., Helena, MT, for respondent-appellee.

**Duncan Peder McKENZIE, Jr., Petitioner–Appellant,**

**v.**

**Rick DAY, Director, Department of Corrections and Human Services, Respondent–Appellee.**

**No. 95–99006.**

United States Court of Appeals, Ninth Circuit.

May 9, 1995.

Before: WALLACE, Chief Judge, BROWNING, WIGGINS, BRUNETTI, KOZINSKI, THOMPSON, O'SCANNLAIN, TROTT, RYMER, KLEINFELD, and HAWKINS, Circuit Judges.

**ORDER**

McKenzie, a prisoner awaiting execution in the State of Montana, appeals from the district court's denial of his petition for writ of habeas corpus. A panel of this court denied McKenzie's motion for stay of execution. *McKenzie v. Day,* 57 F.3d 1461, 1470 (9th Cir.1995). We have taken this case en banc and now adopt the panel's order as our own and deny the stay for the reasons stated therein.

As an alternative ground for denying the stay, we conclude that McKenzie is not entitled to relief under any of the theories he has advanced.

McKenzie contends that his execution would constitute cruel and unusual punish-

ment in violation of the Eighth and Fourteenth Amendments to the United States Constitution. He argues that to execute him after the great delay that has occurred between his conviction and date of execution (20 years), combined with the repeated resetting of his execution date (8 times), and the allegedly unconstitutional conditions of his confinement, amount to cruel and unusual punishment.

In *Richmond v. Lewis,* 948 F.2d 1473 (9th Cir.1990), *rev'd on other grounds,* —— U.S. ——, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992), *vacated,* 986 F.2d 1583 (9th Cir.1993), we rejected a very similar argument. We reasoned that:

> A defendant must not be penalized for pursuing his constitutional rights, but he also should not be able to benefit from the ultimately unsuccessful pursuit of those rights. It would indeed be a mockery of justice if the delay incurred during the prosecution of claims that fail on the merits could itself accrue into a substantive claim to the very relief that had been sought and properly denied in the first place. If that were the law, death-row inmates would be able to avoid their sentences simply by delaying proceedings beyond some threshold amount of time, while other deathrow inmates—less successful in their attempts to delay—would be forced to face their sentences. Such differential treatment would be far more "arbitrary and unfair" and "cruel and unusual" than the current system of fulfilling sentences when the last in the line of appeals fails on the merits. We thus decline to recognize Richmond's lengthy incarceration on death row during the pendency of his appeals as substantively and independently violative of the Constitution.

*Id.* at 1491–92. Although the opinion was subsequently vacated, *Richmond* remains persuasive authority, and we adopt its analysis of this issue as our own.

We have examined each of McKenzie's remaining arguments, and conclude that they are without merit.

STAY DENIED.

JAMES R. BROWNING, Circuit Judge, dissenting.

In a virtually identical case, the Supreme Court granted a stay of execution to permit the district court to consider the same issues raised by petitioner in this proceeding. *See Lackey v. Scott,* —— U.S. ——, 115 S.Ct. 1818, 131 L.Ed.2d 741 (1995). We are obliged to follow the same course here. It is entirely inappropriate for this court to resurrect our vacated opinion in *Richmond v. Lewis,* 948 F.2d 1473, 1491–92 (9th Cir.1990), *rev'd on other grounds,* —— U.S. ——, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992), *vacated,* 986 F.2d 1583 (9th Cir.1993), which rejected these claims five years before the Supreme Court's action in *Lackey.* I would also grant the stay for the reasons given by Judge Norris in his dissenting panel opinion.

DAVID R. THOMPSON, Circuit Judge, in which MICHAEL DALY HAWKINS, Circuit Judge, joins, dissenting:

I respectfully dissent.

The majority of the en banc court adopts the panel opinion as its own. This fails to decide McKenzie's claims on the merits.

The panel issued a certificate of probable cause. In this circumstance, we must address the merits of the petitioner's claims. "When a certificate of probable cause is issued by the district court, as it was in this case, or later by the court of appeals, petitioner must then be afforded an opportunity to address the merits, *and the court of appeals is obligated to decide the merits of the appeal.*" *Barefoot v. Estelle,* 463 U.S. 880, 893, 103 S.Ct. 3383, 3395, 77 L.Ed.2d 1090 (1983). We said the same thing in *Campbell. Campbell v. Wood,* 18 F.3d 662, 680 (9th Cir.1994).

The majority's assertion of what it would decide if alternatively it should reach the merits, is not a decision on the merits; it is simply conclusory dicta adopting language from *Richmond v. Lewis,* 948 F.2d 1473 (9th Cir.1990), *rev'd on other grounds,* —— U.S. ——, 113 S.Ct. 528, 121 L.Ed.2d 411 (1992), *vacated,* 986 F.2d 1583 (9th Cir.1993). In my view, this does not satisfy our obligation un-

der *Barefoot. See Barefoot,* 463 U.S. at 893–94, 103 S.Ct. at 3394–95.

We should give this case the en banc review it deserves, take the time to do so, and issue a definitive opinion. True, this would require yet another stay of McKenzie's execution and it would take some time to complete the process. This is a small price to pay, however, to get the decision right and to issue a thoughtful and thorough en banc opinion resolving the difficult issues McKenzie presents.

For these reasons, I respectfully dissent from the denial of a stay of execution, from adoption of the panel opinion, and from the majority's purported alternative holding "on the merits."