**Darick Leonard GERLAUGH, Petitioner–Appellant,**

v.

**Terry L. STEWART, Director, Arizona Dept. of Corrections, Respondent–Appellee.**

No. 99–99003.

United States Court of Appeals, Ninth Circuit.

Decided Feb. 2, 1999.

Before: REINHARDT, THOMPSON, and TROTT, Circuit Judges.

Order; Partial Concurrence and Partial Dissent by Judge REINHARDT.

Darick Leonard Gerlaugh, an Arizona capital petitioner whose execution is scheduled for today, February 3, 1999, at 2 p.m. P.S.T., appeals after the district court dismissed his Lackey[1] claim for lack of jurisdiction and denied a certificate of appealability.

A. Certificate of Appealability

■ An appeal may not be taken unless the applicant has made a substantial showing of the denial of a constitutional right and a certificate of appealability is granted. *See* 28 U.S.C. § 2253(c)(1),(2) (West 1998). Observing that the law in this circuit is settled, the district court denied a certificate of appealability. We agree.

In this circuit, it is settled that a *Lackey* claim does not fall within any exception to the Antiterrorism and Effective Death Penalty Act's (AEDPA's) rule that claims raised, after the denial of a first 28 U.S.C. § 2254 petition has become final, must first be authorized by the court of appeals. *See Ceja v. Stewart*, 134 F.3d 1368, 1369 (9th Cir.1998). Gerlaugh argues that a *Lackey* claim, like the claim that petitioner was not competent for execution in *Stewart v. Martinez–Villareal*, 523 U.S. 637, 118 S.Ct. 1618, 1621, 140

---

1. *See Lackey v. Texas*, 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995) (Stevens, J., re denial of certiorari).

L.Ed.2d 849 (1998), does not require prior authorization by the court of appeals because it does not become ripe until an execution is imminent and therefore is not a subsequent claim. This court already has rejected that argument. *See Ceja*, 134 F.3d at 1371–72 (B.Fletcher, J., dissenting). Accordingly, we deny Gerlaugh's application for a certificate of appealability. .

### B. Subsequent Habeas Petition

■ Even were we to consider Gerlaugh's appeal as a motion for leave to file a subsequent habeas petition, we would deny leave because in this circuit a *Lackey* claim, not raised in a first section 2254 petition, does not fall within either exception to the AEDPA's bar against subsequent claims. *See Ortiz v. Stewart*, 149 F.3d 923, 944 (9th Cir. 1998); *see also* 28 U.S.C. § 2244(b)(2)(A),(B).

### C. Motion for Stay of Execution

■ Because, in our view, Gerlaugh has failed to show "substantial grounds upon which relief might be granted," our judgment is that his stay of execution is to be denied. *See Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). However, because Gerlaugh is entitled to seek a stay of execution from the Supreme Court, we stay the order of his execution until 6:00 p.m. P.S.T. today, February 3, 1999.

CERTIFICATE OF APPEALABILITY DENIED; DISTRICT COURT'S JUDGMENT AFFIRMED; LEAVE TO FILE SUBSEQUENT PETITION DENIED; MOTION FOR STAY OF EXECUTION GRANTED ONLY UNTIL 6:00 p.m. P.S.T. FEBRUARY 3, 1999.

REINHARDT, Circuit Judge, concurring and dissenting:

I am compelled by our court's precedent to concur in the decision that the AEDPA bars consideration of Gerlaugh's *Lackey* claim, although I would have held otherwise were I free to do so. I say this without indicating any view on the merits of the *Lackey* claim, other than to note that it is also barred on the merits in this court. *See McKenzie v. Day*, 57 F.3d 1493 (9th Cir.1995) (en banc). I write separately in part to express my continued belief that Gerlaugh's execution is unconstitutional because he received ineffective assistance of counsel during the penalty phase of his trial. *See Gerlaugh v. Stewart*, 129 F.3d 1027, 1045–52 (9th Cir.1997) (Reinhardt, J., dissenting in part) (*Gerlaugh I* ). Gerlaugh's attorney failed to make any argument as to why the death penalty should not be imposed, failed, in fact, to make any closing argument at all during the sentencing phase of his trial. Under these circumstances, I believe that reversal of Gerlaugh's death sentence is mandated by the Constitution. *See, e.g., United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *Smith v. Stewart*, 140 F.3d 1263 (9th Cir.1998). This issue, however, is foreclosed by the majority decision in *Gerlaugh I,* and for this reason also I am compelled to concur in the part of the order that would reject Gerlaugh's claim even if we granted a certificate of appealability.

Although Gerlaugh's claim is foreclosed under *this court's* precedent, I disagree with the majority's decision to deny him a certificate of appealability. Gerlaugh has made a substantial showing of the denial of a constitutional right for (1) reasonable jurists differ concerning whether execution after extended tenure on death row violates the Eighth Amendment, *see Lackey*, 514 U.S. at 1045, 115 S.Ct. 1421 (Stevens, J., re denial of certiorari); *Elledge v. Florida*, —— U.S. ——, 119 S.Ct. 366, 142 L.Ed.2d 303 (Breyer, J., dissenting from the denial of certiorari), and (2) the Supreme Court has also not decided whether a *Lackey* claim becomes ripe before an execution is imminent.

For the same reasons, I would hold that Gerlaugh is entitled to a stay under the "substantial grounds" standard of *Barefoot v. Estelle*, 463 U.S. 880, 895, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983).