**Karl Hinze LaGRAND, Petitioner,**

v.

**Terry STEWART, Director, Arizona Department of Corrections, and Dan Vanelli, Warden, SMU II, Arizona State Prison, Florence, Respondent.**

No. 99–70180.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 23, 1999.

Decided Feb. 24, 1999.

Amended Feb. 26, 1999.

1. The Hon. Stephen N. Limbaugh, United States District Court for the Eastern and Western Districts of Missouri.

Carla G. Ryan, Tucson, Arizona, for the petitioner.

Paul J. McMurdie, Assistant Attorney General, Phoenix, Arizona, for the respondent.

Before: HUG, Chief Judge,
PREGERSON, and T.G. NELSON, Circuit Judges.

## ORDER

Arizona death row inmate Karl LaGrand has filed a petition, pursuant to 28 U.S.C. § 2244(b)(3), for an order of this court authorizing him to file a second or successive ("SOS") petition for writ of habeas corpus in the district court. For a description of the crime and prior proceedings *see State v. LaGrand*, 153 Ariz. 21, 734 P.2d 563 (1987), and *LaGrand v. Stewart ("LaGrand I")*, 133 F.3d 1253 (9th Cir.), *cert. denied*, —— U.S. ——, 119 S.Ct. 422, 142 L.Ed.2d 343 (1998).

Section 2244(b)(1) requires the dismissal of claims that were previously presented in a federal habeas petition. Claims that were not previously presented must also be dismissed unless they rely either on a new rule of constitutional law or a showing of actual innocence. *See* 28 U.S.C. § 2244(b)(2); *Martinez–Villareal v. Stewart ("Martinez–Villareal II")*, 118 F.3d 628, 631 (9th Cir.1997), *aff'd*, 523 U.S. 637, 118 S.Ct. 1618, 140 L.Ed.2d 849 (1998).

LaGrand proposes to raise eleven claims in the district court, if authorized to do so. We will address each proposed issue in turn:

### 1. *Lethal Gas*

LaGrand claims that execution by lethal gas under the Arizona protocol is cruel and unusual punishment in violation of the Eighth Amendment. LaGrand previously raised this claim in his first habeas petition. *See LaGrand I*, 133 F.3d at 1264. We declined to address the issue, holding that until LaGrand affirmatively chose lethal gas as his method of execution, his claim that lethal gas was an unconstitutional method of execution was not ripe. *See id.* LaGrand has now chosen lethal gas as his method of execution. His lethal gas claim is therefore ripe. *See id.*

The question that we must answer here is by what vehicle LaGrand can now raise this claim in federal habeas corpus. Must he obtain leave to file an SOS petition from this court, or may he, instead, raise the issue directly in the district court? We believe the answer to this question is found in *Martinez–Villareal II*, 118 F.3d 628.

In *Martinez–Villareal II*, we recognized an exception to the SOS petition provisions of § 2244(b). There the petitioner claimed he was incompetent to be executed. The district court held that the claim was not ripe, and we agreed in the first appeal. *See Martinez–Villareal v. Lewis ("Martinez–Villareal I")*, 80 F.3d 1301, 1309 (9th Cir.1996). When the case came up on a request for leave to file an SOS petition, we held that such leave was unnecessary, since no meaningful relief could have been given to petitioner until he was actually faced with an execution. *See Martinez–Villareal II*, 118 F.3d at 633. While in that case the district court had dismissed the competency claim as not ripe, and here we held the lethal gas claim to be unripe and refused to hear it, this

difference is not material. In both cases, this court held the claim was not ripe for decision at that time.

The exception recognized in *Martinez–Villareal II* results in the petitioner's being able to file what is functionally a first petition as to a previously unripe claim. This is LaGrand's situation as to the lethal gas claim. As in *Martinez–Villareal II,* we dismiss as unnecessary the motion for leave to file a second or successive petition insofar as it relates to LaGrand's claim that lethal gas is an unconstitutional method of execution.[1] LaGrand may raise this claim directly in the district court.

### 2. *Length of Time on Death Row*

LaGrand claims that it would be cruel and unusual punishment in violation of the Eighth Amendment to execute him after he has resided on death row for over fourteen years, has produced additional mitigation evidence that was not introduced at trial and has shown that he is not a threat to society. Claims that the Eighth Amendment would be violated by the execution of an inmate after many years are called *Lackey* claims, after *Lackey v. Texas,* 514 U.S. 1045, 115 S.Ct. 1421, 131 L.Ed.2d 304 (1995). This circuit has uniformly held that such claims do not come within the terms of § 2244(b)(2) authorizing SOS petitions. *See, e.g., Gerlaugh v. Stewart,* 167 F.3d 1222 (9th Cir.1999); *Ortiz v. Stewart,* 149 F.3d 923, 944 (9th Cir.1998); *Ceja,* 134 F.3d at 1368.

### 3. *Pecuniary Gain*

LaGrand argues that the dissent in a recent Arizona case, *State v. Greene,* 192 Ariz. 431, 967 P.2d 106 (1998), demonstrates that "evolving standards and devolving jurisprudence" would dictate that the pecuniary gain

aggravating circumstances would not today be supported in his case. The *Greene* case analyzes the pecuniary gain factor in a manner entirely consistent with our opinion in *LaGrand I,* 133 F.3d at 1259–61. The case does not support, much less tend to demonstrate, a claim of actual innocence. *See* 28 U.S.C. § 2244(b)(2)(B).

### 4. *Cruel, Heinous or Depraved*

LaGrand makes a similar argument concerning the aggravating factor that the killing was "especially cruel, heinous or depraved." He asserts that this "evolution" constitutes newly discovered evidence. The case he relies on, *State v. King,* 180 Ariz. 268, 883 P.2d 1024 (1994), does not support an argument that this aggravating factor would not be found to be present in LaGrand's case if it were to be reviewed today. This claim does not in any way tend to show actual innocence. *See* 28 U.S.C. § 2244(b)(2)(B).

### 5. *Collateral Proceeding*

 LaGrand argues that he is entitled to a stay in order to permit him to pursue a collateral proceeding challenging felony convictions used as an aggravating factor in his death sentence. The convictions followed robberies which occurred in 1981. LaGrand says he "will be challenging . . . the prior convictions. . . ." A challenge not yet pursued, and relief not yet given, does not support a showing of actual innocence. *See* 28 U.S.C. § 2244(b)(2)(B).

### 6. *Juror Bias*

 LaGrand argues that the Arizona Supreme Court erred in according a presumption of correctness to the trial court's findings on a juror's bias. LaGrand raised this

---

1. We recognize that in *Ceja v. Stewart,* 134 F.3d 1368 (9th Cir.1998), we affirmed the district court's holding that a challenge to Arizona's method of execution by lethal *injection* was covered by the AEDPA and that the petitioner had to seek and obtain permission from this court to raise the claim in an SOS petition. *Id.* at 1368. The present case is, however, distinguishable from *Ceja.*

In *Ceja,* the inmate was challenging execution by lethal *injection.* That claim was ripe when Ceja filed his initial habeas petition because he would be executed by lethal *injection* unless he

affirmatively chose execution by lethal *gas. See* Ariz.Rev.Stat. § 13–704(B). We recognized the ripeness of such a claim in the present case when we addressed the merits of LaGrand's lethal *injection* claim in his first habeas petition. *See LaGrand I,* 133 F.3d at 1264–65.

In contrast, here LaGrand is attempting to challenge execution by lethal *gas.* As we held in *LaGrand I,* this claim was not ripe until LaGrand affirmatively chose this method of execution. He has now made his choice and the claim is only now ripe.

issue in his first habeas petition but did not appeal the district court's denial of the claim to this court. Further pursuit of this claim is therefore barred. *See* 28 U.S.C. § 2244(b)(1).

### 7. *Newly Discovered Evidence*

 LaGrand claims that recent statements by two police officers support a claim of actual innocence. This claim has not yet been presented to or decided by the state courts. The claim is therefore barred from consideration in the district court. *See* 28 U.S.C. § 2254(b)(1)(A).

### 8. *Denial of a Fair Clemency Hearing*

LaGrand recognizes that his claim of defects in the Arizona clemency process is premature.

### 9. *Lethal Injection*

 LaGrand unsuccessfully challenged lethal injection in *LaGrand I. See* 133 F.3d at 1264–65. Further pursuit of this claim is therefore barred. *See* 28 U.S.C. § 2244(b)(1).

### 10. *LaGrand's Competence to be Executed*

 A claim of incompetency to be executed is not properly the subject of a request for leave to file an SOS petition. *See Martinez–Villareal II*, 118 F.3d at 635 n. 8.

### 11. *Vienna Convention*

LaGrand claims that his rights under the Vienna Convention on Consular Relations of 1963 ("VCCR") were violated by the State.[2] LaGrand raised this claim in his first habeas petition, where we dismissed the claim for failure to exhaust and because LaGrand failed to show either cause excusing his procedural default or actual innocence of the death penalty. *See* 133 F.3d at 1262.

LaGrand has now presented this claim in state court, and the state court has dismissed the claim because it found the claim to be

2. The court granted petitioner's oral motion to add this claim to his motion seeking authorization to file a second habeas petition.

3. Rule 32.2(a)(3) provides: "A defendant shall be precluded from [PCR] relief ... based upon any

procedurally barred by waiver under Ariz. R.Crim. P. 32.2(a)(3).[3] The claim is now back before us.

Federal habeas review is not available on this claim unless LaGrand can show cause for his default and actual prejudice. *See Correll v. Stewart*, 137 F.3d 1404, 1415 (9th Cir. 1998). LaGrand's argument that cause existed for his failure to raise this claim in state court was raised and rejected in his previous habeas petition. *See* 133 F.3d at 1262. LaGrand's fundamental miscarriage of justice argument was also raised and rejected in his previous habeas petition. *See id.* Having been "presented in a prior application" for federal habeas relief under § 2254, LaGrand's arguments cannot be presented in an SOS petition. *See* 28 U.S.C. § 2244(b)(1).

LaGrand's request for leave to file an SOS petition is DISMISSED as unnecessary as to the claim relating to the use of lethal gas. The request is DENIED as to all other claims. Since we are granting a stay of execution in No. 99–99004, LaGrand's request for a stay of execution in this case is DENIED as moot.

ground ... [t]hat has been waived at trial, on appeal, or in any previous collateral proceeding." Ariz. R.Crim. P. 32.2(a)(3).