Gene Paul WOODHAM, Petitioner–Appellant,

v.

John M. RATELLE, Warden; Attorney General of the State of California, Respondents–Appellees.

No. 99–55072.

D.C. No. CV 97–2105 JNK.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2001 *.

Decided Feb. 27, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**636**

Before FERGUSON, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM **

Gene Paul Woodham appeals the district court's denial of his petition for a writ of habeas corpus.

The petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA); therefore, the AEDPA applies. *Furman v. Wood*, 190 F.3d 1002, 1004 (9th Cir.1999). Consequently, the appeal of any issue from the denial of the petition requires a Certificate of Appealability (COA). 28 U.S.C. § 2253(c); *Gerlaugh v. Stewart*, 167 F.3d 1222, 1223 (9th Cir.1999).

The district court denied Woodham's request for a COA as to all but the following two issues: (1) whether Woodham has a liberty interest in having his "primary

term" set at something less than life, pursuant to *In re Rodriguez*, 14 Cal.3d 639, 122 Cal.Rptr. 552, 537 P.2d 384 (Cal.1975); and (2) whether the application to Woodham of Cal. Pen.Code § 3041.5(b)(2) violates the Ex Post Facto Clause. When a district court grants a request for a COA only in part, this court may broaden the COA only if the petitioner files a motion for broader certification within 35 days of entry of the district court's order. Ninth Cir. R. 22–1(d).[1] Petitioner has not brought a motion in this court to expand the COA.

■■■ Appellate review is limited to the issues for which a COA has been granted. *Hiivala v. Wood*, 195 F.3d 1098, 1102–03 (9th Cir.1999), *cert. denied*, 529 U.S. 1009, 120 S.Ct. 1281, 146 L.Ed.2d 228 (2000). Thus, "[w]e may not consider these issues [which Woodham raises] on appeal because they fall outside the scope of the COA."[2] *United States v. Christakis*, 238 F.3d 1164, 2001 WL 69411, *7 n. 5 (9th Cir. Jan.30, 2001) (citation omitted). No arguments in either of Woodham's briefs relate to the issues for which the COA was granted. Because Woodham has presented no argument on either of the issues properly before this court on appeal, *see United States v. Viramontes–Alvarado*, 149 F.3d 912, 916 n. 2 (9th Cir.1998) (we will not consider issues which are "not specifically and distinctly argued in [appellant's] opening brief"), the judgment of the district court is

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Petitioner filed his notice of appeal on September 9, 1998, and Ninth Cir. R. 22–1 had an effective date of January 1, 1999. However, the rule applies to pending cases "to the extent that [its] application is just and practicable." *United States v. Zuno–Arce*, 209 F.3d 1095, 1100 (9th Cir.2000). *Zuno–Arce* was decided more than 35 days before Petitioner's opening brief was filed, and over one year after Rule 22–1 went into effect. Application of Rule 22–1 to this case is both just and practicable.

2. The issues raised in Woodham's opening brief all relate to whether he was entitled to an evidentiary hearing.

AFFIRMED.[3]

---

**3.** Woodham's motion for judicial notice is irrelevant to our decision; accordingly, it is denied.

