NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOE CLARENCE SMITH, Jr., | No. 20-17404 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-02012-ROS-JFM |
| v. | |
| DAVID SHINN, Director, in official capacity only; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, District Judge, Presiding

Submitted November 16, 2021[**]
Pasadena, California

Before: PAEZ, CLIFTON, and OWENS, Circuit Judges.

Plaintiff Joe Smith, Jr. filed a civil rights complaint under 42 U.S.C. § 1983

alleging that his tenure of over forty-four years on Arizona's death row, much of it

in solitary confinement, violates the Eighth and Fourteenth Amendments. He

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

sought declaratory and injunctive relief prohibiting Arizona officials from imposing his execution at any point in the future. A challenge to the imposition of the death penalty due to a plaintiff's extended stay on death row is known as a *Lackey* claim, derived from Justice Stevens' concurrence in the Supreme Court's denial of certiorari in *Lackey v. Texas*, 514 U.S. 1045 (1995). *See also Allen v. Ornoski*, 435 F.3d 946, 956–57 (9th Cir. 2006); *McKenzie v. Day*, 57 F.3d 1461, 1463 (9th Cir. 1995). The district court dismissed Smith's complaint for failure to state a claim with prejudice. Smith timely appealed.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal of Smith's complaint under 28 U.S.C. § 1915A for failure to state a claim. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We affirm the district court's dismissal of Smith's complaint.

We hold that the district court did not err in dismissing Smith's complaint based on its determination that Smith's *Lackey* claim was not cognizable under § 1983. "The Supreme Court has recognized that '[f]ederal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871 . . . 42 U.S.C. § 1983.'" *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam)). "Challenges to the validity of any confinement or to particulars affecting its

2

duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* The Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Id.* (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)).

Smith concedes that neither our court nor any court has recognized a *Lackey* claim under § 1983. That said, the dispositive inquiry here is whether Smith's *Lackey* claim is in "the province of habeas corpus." *Id.* It is. We have repeatedly considered *Lackey* claims brought on habeas. *See e.g.*, *Smith v. Mahoney*, 611 F.3d 978, 998–99 (9th Cir. 2010) (considering *Lackey* claim raised on habeas and denying the petition because, pursuant to *Teague v. Lane*, 489 U.S. 288, 316 (1989), courts may not announce new constitutional rules on habeas review); *Allen*, 435 F.3d at 957–58 (holding that the petitioner's *Lackey* claim was barred by the Antiterrorism and Effective Death Penalty Act because it was raised for the first time in a second habeas petition even though the petitioner "could have brought his *Lackey* claim in his first habeas petition."); *LaGrand v. Stewart*, 170 F.3d 1158, 1160 (9th Cir. 1999) (same); *Gerlaugh v. Stewart*, 167 F.3d 1222, 1223 (9th Cir. 1999) (order) (same); *Ortiz v. Stewart*, 149 F.3d 923, 944 (9th Cir. 1998) (same), *overruled on other grounds as recognized by Apelt v. Ryan*, 878 F.3d 800,

827–28 (9th Cir. 2017); *see also McKenzie*, 57 F.3d at 1470 (denying an emergency stay motion and casting doubt on the petitioner's habeas claim that "the inordinate delay in carrying out the sentence of death, regardless of any other factor, conclusively establishe[d] that [the petitioner] has suffered cruel and unusual punishment").

These cases establish that a *Lackey* claim, like Smith's, is in "the province of habeas corpus" and therefore, the district court did not err in determining that Smith's complaint failed to state a claim because his *Lackey* claim was not cognizable and "may not be brought in a § 1983 action." *Nettles*, 830 F.3d at 927.[1]

**AFFIRMED.**

---

[1] Smith's argument that his complaint states a challenge to the *method* of his execution as opposed to the *validity* of his death sentence, is a distinction without a difference considering the relief Smith seeks. Smith's complaint requests a declaration and permanent injunction against Defendants from *ever* imposing his execution.