**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 10a0689n.06**

**Nos. 10-6333, 10-6338**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
**Nov 04, 2010**
LEONARD GREEN, Clerk

| | | |
|---|---|---|
| In re: STEPHEN MICHAEL WEST, | (10-6333) | ) |
| | | ) |
| Movant, | | ) |
| | | ) On Transfer and Appeal from the |
| | | ) United States District Court for the |
| STEPHEN MICHAEL WEST, | (10-6338) | ) Eastern District of Tennessee |
| | | ) |
| Petitioner-Appellant, | | ) |
| | | ) |
| v. | | ) |
| | | ) |
| RICKY BELL, Warden, | | ) |
| | | ) |
| Respondent-Appellee. | | ) |

Before:      BOGGS, NORRIS, and MOORE, Circuit Judges.

BOGGS, Circuit Judge.   Stephen Michael West, who is scheduled to be executed on November 9, 2010, filed a motion for relief from judgment in district court.  The district court considered the motion to be a second or successive petition for a writ of habeas corpus and transferred it to this court.  We dismiss the petition pursuant to 28 U.S.C. § 2244(b)(1).

In 1987, Stephen Michael West was convicted  by a Tennessee jury of two counts of first-degree murder, two counts of aggravated kidnapping, once count of aggravated rape, and one count of larceny.  *West v. Bell*, 550 F.3d 542, 546 (6th Cir. 2008), *cert. denied*, 130 S. Ct. 1687 (2010). The first victim, a 15-year-old girl, was raped and tortured before being stabbed to death.  *Ibid*.  The

second victim, the girl's mother, was tortured and then stabbed to death. *Ibid*. West was sentenced to death. *Id*. at 547.

On February 20, 2001, West filed a petition for a writ of habeas corpus in district court. *Id*. at 549-50. West asserted 22 separate grounds for relief, including an ineffective assistance of counsel claim. *Id*. at 550. The district court dismissed the petition on September 30, 2004. *Ibid*.

On December 18, 2008, this court affirmed the district court's dismissal of West's habeas petition. *Id*. at 546. In considering West's ineffective assistance claim, we held that the state court used the wrong standard for determining prejudice under *Strickland*. *Id*. at 553. Accordingly, we conducted a de novo review of the claim, but nonetheless concluded that West's representation was constitutionally sufficient, and in the alternative, that West suffered no prejudice. *Id*. at 554-56.

On October 15, 2010, West filed what he described as a Rule 60(b) motion for relief from judgment in district court. In his motion, West alleged that the district court–and this court–"misapprehen[ded] the interplay between sections 2254(d) and 2254(e) of AEDPA" and therefore failed to consider an ineffective assistance of counsel claim premised upon a failure to present specific pieces of evidence. Specifically, West argues that, when this court conducted a de novo review of his ineffective assistance claim, it should have considered all available evidence–including evidence not presented to the state court–and that intervening case law indicates that this court should have considered such evidence.

The district court concluded that West's Rule 60(b) motion was actually, in substance, a successive habeas petition. Accordingly, the district court issued an order on October 27, 2010, in which it transferred the petition to this court in light of AEDPA's requirements for second or

successive habeas petitions. 28 U.S.C. § 2244(b)(3); 28 U.S.C. § 1631. Upon entry of the transfer order, the case was docketed in this court as docket number 10-6333.

That same day, West filed a motion for a certificate of appealability in district court, as well as a notice of appeal of the district court's transfer order. That appeal–also of the district court's decision to treat West's 60(b) motion as a second or successive petition and transfer it to this court–was docketed separately as docket number 10-6338.

We agree that West's Rule 60(b) motion should be treated as a second or successive habeas petition and conclude that, because the petition presents a claim that was already presented in West's initial habeas petition, the petition must be dismissed. *Id*. at § 2244(b)(1) ("A claim presented in a second or successive habeas application under section 2254 that was presented in a prior application shall be dismissed.").

West argues otherwise. He asserts in effect that, although we previously held that his counsel was not ineffective for failing to present pieces of evidence A through F, we did not consider for the same proposition whether his counsel was ineffective for failing to present pieces of evidence G through Z. West contends that this constitutes a separate claim that we never reached because we misunderstood AEDPA, and that this mistake of law qualifies as an "extraordinary circumstance" for purposes of Rule 60(b)(6). However, in our previous habeas decision, we held that the district court did not abuse its discretion by refusing to expand the record to consider the additional evidence, and we further held that even had West's attorneys discovered the evidence of past abuse, there is not "'a reasonable probability' that the proceeding would have been different." *West*, 550 F.3d at 550-51, 556. Notwithstanding West's artful framing of his argument, he simply argues that

these holdings were incorrect and therefore presents "a rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief [that] should [therefore] be treated as a successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005).

We need not consider West's arguments regarding intervening case law or whether we erred in applying AEDPA, as whether or not we committed a legal error in reviewing West's first petition, AEDPA mandates the dismissal of this petition because it presents the very same claim that we previously considered. In West's habeas appeal, we considered whether West's counsel was ineffective for failing to present certain pieces of evidence that painted West as a troubled individual who was a "product of an unstable and abusive home." *West*, 550 F.3d at 556. West's counsel instead presented evidence that painted West as "a good and decent citizen." *Ibid*. West's "new" claim is that his counsel was ineffective for failing to present *additional* pieces of evidence that–like the evidence we already considered–painted West as a troubled individual. More evidence to support the same argument is not a new "asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez*, 545 U.S. at 530; *In re Bowling*, 422 F.3d 434, 439-40 (6th Cir. 2005) (holding that new evidence to establish ineffective assistance of counsel does not constitute a new claim for purposes of §2244(b)(1)). Such a narrow definition of "claim" would eviscerate § 2244(b)(1) and therefore can not be a proper construction of the term.

We therefore DISMISS West's second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2244(b)(1).

We also DISMISS West's appeal of the district court's transfer order. Transfer orders of second or successive habeas petitions are not appealable. *Howard v. United States*, 533 F.3d 472, 474 (6th Cir. 2008).

**KAREN NELSON MOORE, Circuit Judge, concurring.** Although I must agree with the majority that West's efforts constitute a second or successive habeas application subject to 28 U.S.C. § 2244(b)'s gatekeeping requirements under *Gonzalez v. Crosby*, 545 U.S. 524 (2005), I continue to adhere to my conclusion that West received ineffective assistance of counsel at the penalty phase. *West v. Bell*, 550 F.3d 542, 567-70 (6th Cir. 2008) (Moore, J., dissenting in part).