**NOT RECOMMENDED FOR PUBLICATION**
File Name: 16a0020n.06

No. 14-2183

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 12, 2016
DEBORAH S. HUNT, Clerk

CLIFTON WALKER; LATASHIA HAYES,          )
                                         )
    Plaintiffs-Appellants,               )
                                         )
v.                                       )          ON APPEAL FROM THE
                                         )          UNITED STATES DISTRICT
                                         )          COURT FOR THE EASTERN
RDR REAL ESTATE; JENNIFER LEWARCHIK;     )          DISTRICT OF MICHIGAN
RANDY LEWARCHIK; ALEJANDRO PARRA;        )
JAMES MILLER; DONALD R. FARRIS,          )
                                         )                   OPINION
                                         )
    Defendants-Appellees.                )

BEFORE:     STRANCH, DONALD, and LIPEZ, Circuit Judges.[*]

**STRANCH, Circuit Judge.** Clifton Walker and LaTashia Hayes brought this action

alleging civil rights and state law torts related to eviction from their apartment. This appeal

concerns the district court's management of post-trial motions during the pendency of an

automatic stay enacted under provisions of the U.S. Bankruptcy Code. The district court

dismissed without prejudice the post-trial motions of Walker and Hayes and, following the

bankruptcy court's entry of a Stay Modification Notice, set a deadline to refile the motions.

Because we conclude that the deadline violated the stay by requiring post-trial motions to be

refiled before the stay was lifted, we **REVERSE** the court's dismissal of the post-trial motions as

untimely and **REMAND** for further proceedings.

_____

[*]The Honorable Kermit V. Lipez, Circuit Judge for the United States Court of Appeals for the First Circuit,
sitting by designation.

## I.    BACKGROUND

Walker and Hayes brought this action against the owners and managers of their shared apartment (Jennifer and Randy Lewarchik), the corporate entity behind the apartment complex (RDR Real Estate), and three police officers (Detroit Police Department officer Alejandro Parra and sergeant James Miller and Wayne County Sheriff Department deputy Donald R. Farris), who were named in both their individual and official capacities. Walker and Hayes allege that Defendants forced them out of their apartment with a fake eviction paper after Walker filed a larceny complaint against Jennifer Lewarchik. The district court granted dismissal and summary judgment as to Walker and Hayes's claims against the Lewarchiks and RDR Real Estate, and a jury returned a verdict in favor of the officers. Following the court's entry of judgment on April 29, 2013, and based on alleged false testimony at trial, Walker and Hayes filed post-trial motions for a new trial and to set aside the summary judgment order.

In the summer of 2013, approximately two months after Walker and Hayes filed their post-trial motions, the City of Detroit filed a bankruptcy petition in the U.S. Bankruptcy Court for the Eastern District of Michigan, resulting in an automatic stay of Walker and Hayes's case against the City's police officers pursuant to the U.S. Bankruptcy Code. The district court entered an order formally staying the pending post-trial motions until further notice. On June 13, 2014, the post-trial motions had been stayed for approximately one year when—citing uncertainty as to the duration of the stay—the court entered an order dismissing the motions without prejudice and instructed that they be refiled when the stay was lifted. Two weeks later, on June 27, 2014, a Stay Modification Notice was filed in the bankruptcy court.

Pursuant to the bankruptcy court's Alternative Dispute Resolution (ADR) Order,[1] upon filing of a Stay Modification Notice, generally the stay is deemed immediately "modified with respect to the applicable [claim] solely to permit the liquidation of the claim in a non-bankruptcy forum." (R. 153-2, Stay Modification Notice, Page ID 3389.) With respect to a "Multi-Party Tort Claim and any related Indemnification Claims," however, the stay is modified "35 days after the filing of the Stay Modification Notice unless the Public Safety Unions or the applicable Indemnification Claimant(s) file a Stay Preservation Notice," in which case the stay may remain in effect. (*Id.* at 3389 n.2.) The ADR Order defines a Multi-Party Tort Claim as one that "arise[s] out of personal injury actions: (a) asserted concurrently against the City and one or more current or former Public Safety Union members . . . ; and (b) with respect to which, the applicable Public Safety Union Member seeks related defense costs." (Appellate R. 84, at 13, 86, at 2, Defs.' Mots. to Take Judicial Notice.)

Walker and Hayes filed a motion for reconsideration to reinstate their dismissed-without-prejudice post-trial motions, which the district court denied, instead requiring that their post-trial motions be refiled by July 31, 2014. On August 1, 2014, Walker and Hayes filed two motions asking the court for post-trial relief—to set aside the jury verdict and judgment entered upon the jury verdict under Federal Rules of Civil Procedure 59(a)(A) and 60(b)(2), (3), and (6), and to set aside the summary judgment order under Rule 60(b)(2) and (3). These motions were accompanied by a motion to accept the one-day late filings. Counsel explained that he attempted to refile the post-trial motions on July 31 but inadvertently failed to complete the final

---

[1]Defendants move us to take judicial notice of the ADR Order. (Appellate R. 84, 86, Defs.' Mots. to Take Judicial Notice.) Walker and Hayes also move us to take judicial notice of a request for investigation of their counsel that was filed by counsel for Farris with the State Attorney Grievance Commission. (Appellate R. 88, Pls.' Mot. to Take Judicial Notice.) There are no objections to these motions. In accordance with Federal Rule of Civil Procedure 27, Sixth Circuit Rule 27, and Federal Rule of Evidence 201(b), we grant the motions.

transaction step of the electronic filing process before logging out—a mistake that was not discovered until the next day, August 1, because he left the office for the rest of the day to attend to "other pressing business and family matters." (R. 162, Mot. to Accept 1-Day Late Filing, Page ID 4037.)

Noting that Walker and Hayes had failed to meet deadlines and comply with orders in the past and explaining that "a busy workload or 'other pressing business' does not constitute 'excusable neglect,'" on August 27, the district court denied Walker and Hayes's motion to accept the one-day late filings and dismissed the post-trial motions as untimely. (R. 168, Order Den. Pls.' Mot., Page ID 4074.) The parties do not dispute that Walker and Hayes filed a timely notice of appeal of the August 27 order on September 10.

## II. LEGAL STANDARD

We review a district court's setting of a filing deadline under an abuse of discretion standard. *See ACLU v. McCreary Cty.*, 607 F.3d 439, 451 (6th Cir. 2010) ("[A] district court has broad discretion to manage its docket."). A district court abuses its discretion when it "commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012) (quoting *In re Ferro Corp. Derivative Litig.*, 511 F.3d 611, 623 (6th Cir. 2008)). Under this standard, we reverse a district court's ruling only if we have a "definite and firm conviction" that it committed a clear error of judgment. *Logan v. Dayton Hudson Corp.*, 865 F.2d 789, 790 (6th Cir. 1989).

An automatic stay entered pursuant to the U.S. Bankruptcy Code blocks "the commencement or continuation" of a judicial action or proceeding against the debtor, its officers, or its inhabitants that was or could have been commenced before the bankruptcy petition was

filed. 11 U.S.C. § 362(a)(1); *see id.* § 922(a)(1). Any action taken in violation of a stay is invalid and voidable, absent limited equitable circumstances not present here. *Easley v. Pettibone Mich. Corp.*, 990 F.2d 905, 911 (6th Cir. 1993); *see NLT Comput. Servs. Corp. v. Capital Comput. Sys., Inc.*, 755 F.2d 1253, 1258 (6th Cir. 1985) (holding that district court's resolution of the suit on the merits and assumption of jurisdiction over the bankruptcy proceeding violated automatic stay).

## III. ANALYSIS

On appeal, Walker and Hayes argue that the district court abused its discretion by denying their August 1, 2014 motion to accept the one-day late filing and by earlier entering two case management orders that dismissed without prejudice their post-trial motions and that, following the filing of the Stay Modification Notice, set a July 31 deadline to refile.

Defendants argue that our review of the two case management orders is precluded because the notice of appeal was filed more than 30 days after their entry. *See* Fed. R. App. P. 4(a)(1)(A). However, even though the filing of a timely notice of appeal in a civil action is mandatory and jurisdictional, *Bowles v. Russell*, 551 U.S. 205, 209 (2007), an appeal of a district court's final order preserves for appeal all of the district court's non-final rulings and orders, *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985); *see Caldwell v. Moore*, 968 F.2d 595, 598 (6th Cir. 1992) ("[T]he final judgment calls into question the propriety of all the nonfinal rulings of the district court."). The earlier dismissal without prejudice of the two post-trial motions of Walker and Hayes and the subsequent order setting the deadline to refile were non-final decisions that could not be appealed until the court denied the motion to accept the one-day late filings and dismissed the post-trial motions as untimely, which effectively ended the litigation. *See* 28 U.S.C. § 1291 (conferring "jurisdiction of appeals from all *final decisions* of

the district courts" (emphasis added)). We accordingly turn to the merits of Walker and Hayes's arguments regarding those two case management orders.

Walker and Hayes assert that setting the July 31 filing deadline was an abuse of discretion because, pursuant to the terms of the Stay Modification Notice, the stay was not deemed modified until August 1. This argument turns on whether the stay is governed by the ADR Order and Notice provisions for Multi-Party Tort (MPT) Claims, which specify that the stay of such claims will not be modified until 35 days after the filing of the Notice. The ADR Order defines an MPT Claim as one "asserted concurrently against the City and one or more current or former Public Safety Union members." (Appellate R. 84, at 13, 86, at 2, Defs.' Mots. to Take Judicial Notice.) According to Defendants, Walker and Hayes never named the City of Detroit as a defendant in the litigation and thus could not have asserted MPT Claims. As a result, Defendants insist, the June 27 entry of the Notice by the bankruptcy court immediately modified the stay. But Walker and Hayes sued the City police officers in both their individual and official capacities and the Supreme Court has instructed us to treat an official-capacity suit as a suit against the entity "in all respects other than name." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Treating Walker and Hayes's official-capacity claims against the City police officers as claims against the City compels us to conclude that they are MPT Claims as defined by the ADR Order. Accordingly, the stay was not modified until August 1, 2014.

The district court appears to have come to the same conclusion. In the order denying the motion to accept the one-day late filing, the court found that "[t]he Notice states that the stay will be lifted 35 days from the filing of the Notice"—as was only true for MPT Claims. (R. 168, Order Den. Pls.' Mot., Page ID 4074.) The court went on to hold that the Notice's 35-day time period for MPT Claims "does not operate to extend Plaintiffs' time to re-file their motions" but

"provides a limited window for the Defendants to file a Stay Preservation Motion." (*Id.*) Even if that is the purpose of the 35-day time period, however, the Notice explicitly stated that, with respect to an MPT Claim, the stay would not be modified until 35 days after the filing of the Notice—here, August 1, 2014, one day after the court's new filing deadline.

In addition, 11 U.S.C. § 108(c) provides that, if nonbankruptcy law or an order entered in a nonbankruptcy proceeding fixes a time period for commencing or continuing a stayed civil action and that period has not expired before the date of the filing of the petition, then the period does not expire until "30 days after notice of the termination or expiration of the stay." In applying the language of § 108(c), courts begin the 30-day grace period on the date upon which the plaintiff received notice that the stay *had been* lifted. *See, e.g.*, *Eastom v. City of Tulsa*, 783 F.3d 1181, 1185 n.4 (10th Cir. 2015) ("11 U.S.C. § 108(c) provides a minimum 30-day extension of the statute of limitations once the bankruptcy stay is lifted."); *Kimbrell v. Brown*, 651 F.3d 752, 756 (7th Cir. 2011) ("[U]nder 11 U.S.C. § 108(c), when a plaintiff received notice that a defendant's automatic stay *has been terminated*, he may pursue a claim against that defendant within 30 days of receiving such notice, even if the applicable statute of limitations expired during the stay." (emphasis added)); *Easley*, 990 F.2d at 912 ("The District Court erred in denying defendant's motion to dismiss because plaintiffs failed to refile their products liability claim within thirty days *of the lifting of* the automatic stay . . . ." (emphasis added)). As one influential treatise puts it, "[t]here is no need to file pleadings or other briefs in a proceeding which has been stayed; section 108(c) will be applicable if the stay terminates." 2-108 Collier on Bankruptcy, ¶ 108.03[2] (15th ed. 2015).

The questions we must answer, therefore, are whether the court violated the automatic stay and § 108 of the Bankruptcy Code by setting the deadline to refile the post-trial motions on

a date before the stay was modified. To briefly summarize the facts before us, during the pendency of the stay, the district court dismissed without prejudice Walker and Hayes's post-trial motions, which had been pending for approximately one year. The Stay Modification Notice was filed two weeks later. The district court required that plaintiffs refile motions for post-trial relief and set the deadline to do so as July 31, 2014, but, pursuant to the ADR Order and Notice, the stay was not deemed modified until the next day, August 1. When Walker and Hayes refiled their post-trial motions on August 1, the court dismissed them as untimely.

By continuing the pre-bankruptcy action before the stay was lifted to allow the litigation to proceed, the court inadvertently violated the stay. Because continuation of a pre-bankruptcy proceeding during the pendency of a stay is barred by the Bankruptcy Code, the July 31 deadline is invalid and voidable. *See Easley*, 990 F.2d at 911. Because the time to file post-trial motions under Federal Rule of Civil Procedure 60(c) had not expired before filing of the bankruptcy petition, moreover, § 108(c) gave Walker and Hayes 30 days in which to refile the post-trial motions following modification of the stay on August 1. *See, e.g.*, *id.* at 912. The court thus applied the incorrect legal standard by ignoring § 108(c). Based on this procedural record, we cannot escape a definite and firm conviction that the court abused its discretion in setting the deadline to refile as July 31.

## IV.    CONCLUSION

The post-trial motions filed by Walker and Hayes on August 1, 2014 were timely filed. We need not reach Walker and Hayes's remaining arguments and express no opinion on the merits of the post-trial motions. For the foregoing reasons, we **REVERSE** the district court's dismissal of the post-trial motions as untimely and **REMAND** for further consideration of the post-trial motions.