NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 18a0137n.06

Case No. 17-1423

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

<table>
<tr><td>

CLIFTON WALKER; LATASHIA HAYES,

    Plaintiffs-Appellants,

v.

RDR REAL ESTATE; JENNIFER LEWARCHIK; RANDY LEWARCHIK; ALEJANDRO PARRA; JAMES MILLER; DONALD R. FARRIS,

    Defendants-Appellees.

</td><td>

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

</td><td>

**FILED**
Mar 15, 2018
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

</td></tr>
</table>

BEFORE: MOORE, COOK, and McKEAGUE, Circuit Judges.

COOK, Circuit Judge. Clifton Walker and Latashia Hayes sued their former landlords and their on-site building managers (together, the "RDR defendants") as well as three law enforcement officers (the "officer defendants"), claiming that the defendants unlawfully evicted them from their Detroit apartment. Their claims ultimately resulted in dismissal or judgment in favor of all defendants. Following trial, Walker and Hayes moved for a new trial and for relief from judgment. The district court denied both motions. For the reasons explained below, we AFFIRM.

## I. BACKGROUND

During their tenancy, Walker and Hayes consistently ran into trouble with the RDR defendants, eventually prompting eviction proceedings. Walker and Hayes finally vacated the

apartment after a confrontation with law enforcement. Following their departure, Walker and Hayes sued the defendants.

After the district court granted the RDR defendants summary judgment, the case proceeded to trial and a jury found for the officer defendants on all claims. Walker and Hayes then moved for a new trial and for relief from summary judgment, pointing to what they viewed as newly-discovered evidence. The district court denied the new-trial motion as untimely and denied the motion for relief from summary judgment because the proffered "new evidence" had actually been in their possession before trial. Walker and Hayes appeal those rulings.

## II.   ANALYSIS

We review for abuse of discretion the district court's denial of both a motion for a new trial and a motion for relief from judgment. *Wesley v. Campbell*, 864 F.3d 433, 441 (6th Cir. 2017); *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016). "We recognize an 'abuse of discretion' when our review leaves us with 'a definite and firm conviction that the trial court committed a clear error of judgment.'" *Franklin*, 839 F.3d at 472 (quoting *Burrell v. Henderson*, 434 F.3d 826, 831 (6th Cir. 2006)).

## A.  Motion for New Trial

Rule 59 affords parties twenty-eight days after entry of judgment to move for a new trial. Fed. R. Civ. P. 59(b). No extensions are permitted. Fed. R. Civ. P. 6(b)(2). In this case, the twenty-eighth day after the court entered judgment against Walker and Hayes was Monday, May 27, 2013. Because this was a legal holiday (Memorial Day), the rules allowed Walker and Hayes an extra day, making the filing deadline Tuesday, May 28. *See* Fed. R. Civ. P. 6(a)(1). They filed on May 29.

Despite the clear deadline, Walker and Hayes argue that the district court failed to consider the circumstances giving rise to their tardiness. Specifically, they contend defense counsel made a "bogus" report to the state attorney grievance commission "solely to undermine the effort and ability [of] Plaintiffs' counsel to prepare and bring Plaintiffs' motion for a new trial within 28 days," and that the court wrongfully failed to take judicial notice of this "fact." They also claim the defendants forfeited their untimeliness argument because of their purportedly inequitable conduct. But these arguments provide no basis to avoid the hard deadline imposed by the rules. Thus, we conclude that it was not an abuse of discretion to deny this untimely motion.

## B. Motion for Relief from Judgment

The district court also denied Walker and Hayes's Rule 60(b) motion for relief from summary judgment. As an initial matter, we dispense with the RDR defendants' argument that this motion too was untimely. Motions for relief under Rule 60(b)(1)–(3) must be made "no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60(c)(1). The district court entered summary judgment on September 20, 2012. Walker and Hayes moved for relief from this judgment on June 10, 2013. The court eventually dismissed their motion without prejudice due to an intervening bankruptcy stay. Walker and Hayes then re-filed their motion on August 1, 2014, following modification of the stay. Because they filed the original Rule 60(b) motion on time and then re-filed within thirty days of the stay modification, the motion was timely. *See Walker v. RDR Real Estate*, 640 F. App'x 411, 416 (6th Cir. 2016) ("[M]oreoever, [the bankruptcy code] gave Walker and Hayes 30 days in which to refile the post-trial motions following modification of the stay.").

As to the merits of the motion, Walker and Hayes claim that a transcript prepared by defense counsel of audio on a CD constitutes newly discovered evidence warranting relief from the summary judgment entered against them. The CD's audio content included interactions between Walker and the defendants. But the transcript was not new evidence. It is undisputed that the transcript represents the typed version of words a hired court reporter discerned in listening to the CD. Walker and Hayes received a copy of the same CD more than a year before trial and were free to transcribe it for themselves. Notably, the plaintiffs nowhere allege that the defense created the transcript from a copy with better sound quality. What is more, defense counsel sent the transcript to the attorney for Walker and Hayes on the Friday of the week before trial. Counsel simply failed to find the transcript in his unread email until after trial. And given that the transcript was not new evidence—just the earlier-provided CD's contents in transcript form—defense counsel's failure to share it earlier with Walker and Hayes cannot amount to fraud, misrepresentation, or misconduct. The district court therefore did not abuse its discretion in denying the plaintiffs' Rule 60(b) motion.

### III.   CONCLUSION

For these reasons, we AFFIRM the district court's denial of Walker and Hayes's post-trial motions.