Corey WEIDNER, Petitioner–
Appellant,

v.

OREGON STATE CORRECTIONAL IN-
STITUTION; Oregon Department of
Corrections, Respondents–Appellees.

No. 99–35276.

D.C. No. CV 97–01503–JJ.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD, Circuit Judges.

MEMORANDUM **

Corey Dean Weidner, an Oregon state prisoner, appeals the district court's order dismissing his 28 U.S.C. § 2254 habeas petition after finding that Weidner had procedurally defaulted on his claim and that the petition was second or successive without authorization from this Court. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate the district court's January 29, 1999 Order and remand with instructions to dismiss Weidner's § 2254 petition for lack of jurisdiction.

In October 1994, Weidner filed a habeas petition challenging the Oregon Board of Parole's ("Board") February 24, 1993 decision. The district court dismissed this petition in May 1996. On October 20, 1997, Weidner filed the habeas

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Weidner's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

petition that is the subject of this current appeal, again challenging the Board's February 24, 1993 decision. He did not, however, move in this Court for an order authorizing the district court to consider a second or successive section 2254 motion as required by the Antiterrorism and Effective Death Penalty Act of 1996. *See* 28 U.S.C. § 2244(b)(3)(A) (2000). As a result, the district court was without jurisdiction to review Weidner's motion on the merits. *Cf. United States v. Allen,* 157 F.3d 661, 664 (9th Cir.1998) (explaining that failure to request the requisite authorization to file a second or successive section 2255 petition from the circuit court deprives the district court of jurisdiction).

▮ To the extent that Weidner's notice of appeal can be construed as a request for authorization to file a second or successive section 2254 motion in the district court, the request is denied. Weidner has not made a prima facie showing necessary to satisfy the requirements of 28 U.S.C. § 2244(b)(2). *See also Babbitt v. Woodford,* 177 F.3d 744 (9th Cir.1999), *petition for cert. filed,* May 4, 1999.

VACATED and REMANDED with directions to dismiss.