**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VAUGHN RAY BRADFORD, | No. 08-15418 |
| Petitioner - Appellant, | D.C. No. CV-07-00681-CMK |
| v. | |
| D. K. SISTO; PEOPLE OF THE STATE OF CALIFORNIA, | MEMORANDUM [*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Craig Kellison, Magistrate Judge, Presiding

Submitted April 5, 2010 [**]

Before:     RYMER, McKEOWN, and PAEZ, Circuit Judges.

    California state prisoner Vaughn Ray Bradford appeals from the district

court's judgment dismissing his 28 U.S.C. § 2254 habeas petition.  We have

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Bradford contends that the district court erred by dismissing his successive petition pursuant to 28 U.S.C. § 2244(b)(2), (4) because this court previously granted Bradford's motion to authorize the district court to consider his successive petition. However, this did not preclude the district court from determining that Bradford had not met the requirements for considering a successive petition. *See United States v. Villa-Gonzalez*, 208 F.3d 1160, 1164-65 (9th Cir. 2000) (per curiam).

Furthermore, the district court correctly concluded that, taking as true Bradford's new evidence of juror bias, the evidence was not "sufficient to establish by clear and convincing evidence that, but for constitutional error, *no reasonable factfinder* would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B)(ii) (emphasis added); *cf. Babbitt v. Woodford*, 177 F.3d 744, 747-48 (9th Cir. 1999) (stating that petitioner's claim of racial bias on part of defense counsel amounting to structural error would fail under the standard applicable to successive petitions at § 2244(b)(2)(B)(ii)).

Because the district court did not err in dismissing the petition, we decline to address Bradford's contention that remand to a different judge is required.

**AFFIRMED.**

2