**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SAMMY LEWIS JOHNSON, | No. 14-72707 |
| Petitioner, | D.C. No. 2:14-cv-00508-JCM-GWF |
| v. | |
| BRIAN E. WILLIAMS, Jr., ATTORNEY GENERAL OF THE STATE OF NEVADA, | ORDER[*] |
| Respondents. | |

Application for Authorization to File a Second or Successive 28 U.S.C. § 2254
Habeas Corpus Petition

Argued and Submitted May 11, 2016
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

In 2014 Sammy Johnson filed a petition for habeas corpus relief pursuant to

28 U.S.C. § 2254 in Nevada federal district court. Because the Nevada district

court had denied a previous habeas petition Johnson filed in 2004, it transferred

Johnson's 2014 petition to this court pursuant to 28 U.S.C. § 2244. Section

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

2244(b)(3)(A) requires a habeas applicant to "move in the appropriate court of appeals for an order authorizing the district court to consider" a "second or successive application." A motions panel of this court construed Johnson's 2014 petition as an application for authorization to file a successive petition, appointed counsel, and ordered Johnson to file a supplemental application.

In response, Johnson moved for alternative forms of relief. First, he asserts the district court "erred when it transferred Johnson's *pro se* petition to this Court because the petition should have been liberally construed as a Rule 60(b) motion." Johnson requests that we remand his motion to the district court with instructions to construe his petition as a Rule 60(b) motion. Alternatively, he seeks authorization to file a second or successive petition pursuant to § 2244(b) to present one claim of ineffective assistance of counsel ("IAC") and one freestanding claim of innocence based on a newly discovered codefendant declaration.

**1.** The district court did not err when it transferred Johnson's application rather than construe it *sua sponte* as a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). Johnson seeks Rule 60(b) relief from a 2005 order issued in a separate case by a different judge, which found unexcused a procedural bar to the IAC claim presented in the 2004 habeas petition. Under the circumstances, the district court did not err in treating Johnson's 2014 filing as a new petition for a

-2-

writ of habeas corpus as it was captioned, rather than as a Rule 60(b) motion seeking relief from a nearly ten-year-old order in a different case.

**2.** We also deny Johnson leave to file a second or successive petition. "AEDPA generally limits a petitioner to one federal habeas corpus motion and precludes 'second or successive' habeas corpus petitions unless the petitioner meets certain narrow requirements," including those codified in § 2244(b)(1)–(2). *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013).

*First*, because Johnson raised the IAC claim in his 2004 petition, § 2244(b)(1) requires that we dismiss his current IAC claim. Johnson argues that "the newly discovered evidence strengthens the factual basis of the ineffective assistance of counsel argument, rendering it a new claim." "But a claim 'is successive if the basic thrust or gravamen of the legal claim is the same, regardless of whether the basic claim is supported by new and different legal arguments . . . [or] proved by different factual allegations.'" *Gulbrandson v. Ryan*, 738 F.3d 976, 997 (9th Cir. 2013) (quoting *Babbit v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)). The IAC claim is subject to §2244(b)(1)'s mandatory dismissal requirement notwithstanding the new evidence.

*Second*, although Johnson's freestanding innocence claim was not presented in a prior petition, we assume without deciding that such a claim is cognizable and

conclude that Johnson does not make a prima facie showing sufficient to overcome § 2244(b)(2)'s hurdles. *See Pizzuto v. Blades*, 673 F.3d 1003, 1007–10 (9th Cir. 2012) (subjecting petitioner's "new" claims, including a freestanding actual innocence claim, to § 2244(b)(2)'s requirements); *see also* 28 U.S.C. § 2244(b)(3)(C) (permitting the courts of appeals to authorize a second or successive application only if the applicant "makes a prima facie showing that the application satisfies the requirements of this subsection"). Section 2244(b)(2)(B) provides that a claim that was not presented in a prior petition "shall be dismissed unless" the applicant demonstrates that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and that "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Thus, Johnson "must make a prima facie showing his claim (1) is based on newly discovered evidence and (2) establishes that he is actually innocent of the crimes alleged." *Bible v. Schriro*, 651 F.3d 1060, 1064 (9th Cir. 2011) (per curiam).

Here, Johnson fails to make a prima facie showing of diligence because he does not satisfactorily explain the delay in obtaining his codefendant's declaration,

-4-

and because he omitted the freestanding innocence claim from his 2004 petition. *See Gage v. Chappell*, 793 F.3d 1159, 1166 (9th Cir. 2015) ("Under § 2244(b)(2)(B)(I), a petitioner fails to show due diligence regarding a claim by omitting that claim from his initial habeas petition, provided the claim's factual predicate was known or reasonably discoverable at the time.").

Moreover, Johnson cannot make a prima facie showing that the codefendant declaration establishes actual innocence. At best, it contradicts Johnson's admission during the plea colloquy that he shot at individuals in the Marker Down bar with the intent to kill them by establishing that he never left the getaway car. The facts underlying Johnson's new claim, when viewed in light of all the evidence, including evidence that he participated in an armed robbery in which his codefendants entered the bar shooting, does not make a prima facie showing that no reasonable factfinder would have found him guilty of aiding his codefendants with intent that people in the bar be killed.

**DENIED.**