**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TRAVIS WAYNE BERRY, <br><br>          Petitioner-Appellant, <br><br>    v. <br><br> W. L. MONTGOMERY, Acting Warden, <br><br>          Respondent-Appellee. | No.    17-55558 <br><br> D.C. 2:16-cv-00554-RGK-JPR <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 5, 2018
Pasadena, California

Before: RAWLINSON and BEA, Circuit Judges, and RICE,** Chief District
Judge.

Travis Berry appeals the district court's judgment dismissing his 28 U.S.C.

§ 2254 habeas petition. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we

affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.
        \*\*      The Honorable Thomas O. Rice, Chief United States District Judge
for the Eastern District of Washington, sitting by designation.

In 1993, Berry was convicted of first-degree murder, second-degree robbery, and kidnapping for his role in the shooting of Daniel Chapman and Keith "Stone" Thomas. His conviction was based on testimony from Tyson Pearce, a participant in the crime, and Berry's fingerprints, which were found on a cardboard towing harness box near the bodies. Berry was sentenced to two consecutive terms of life imprisonment without the possibility of parole. His first federal habeas petition was denied as untimely in 2000.

More than a decade and a half after the crime, Berry contacted Pearce, who recanted his trial testimony. Berry also discovered information suggesting that the towing harness box corresponded to more than just the vehicle in question. The Superior Court for Los Angeles County held an evidentiary hearing, found that "Pearce's recantation [was] untruthful and is not entitled to belief," and denied Berry relief. This second and successive federal habeas petition followed.

1. Berry's ineffective assistance of counsel claim is barred by 28 U.S.C. § 2244(b)(1). A claim presented in a second or successive application that was presented in a prior application shall be dismissed. *Id.* A claim is "successive" if the "basic thrust or gravamen of the legal claim" is the same. *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999). This is true regardless whether the

claim is supported by new arguments or "proved by different factual allegations."

*Id.*

The "basic thrust or gravamen" of Berry's ineffective assistance of counsel claim is the same as the claim he raised in his first federal habeas petition. His second petition argues that his trial counsel "failed to investigate the evidence relating to the box prior to trial," while his original petition argued that his counsel "fail[ed] to investigate" where the box "came from." Berry argues that he is not simply reiterating the same basis for how counsel was ineffective because he now possesses information about the origin of the box, but this argument is foreclosed. New evidence may support his argument that counsel was deficient, but it is still the same claim, and is thus barred by § 2244(b)(1).

Berry also argues that the court should consider his ineffective assistance of counsel claim because his first federal habeas petition was dismissed as untimely and not considered on the merits. But that is not the law. "[T]he dismissal of a habeas petition as untimely constitutes a disposition on the merits," and "a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995) ("The rules of finality, both statutory and judge made, treat a dismissal on statute-of-

3

limitations grounds the same way they treat a dismissal for failure to state a claim . . . : as a judgment on the merits."). The previous dismissal constituted a disposition on the merits; Berry cannot bring the same claim now.

Nor does *Martinez v. Ryan*, 566 U.S. 1 (2012) excuse Berry's "default." No court has extended *Martinez* to excuse ineffective assistance of counsel in federal habeas proceedings, and for good reason—*Martinez* arose from "the impact of *state* rules . . . that did not allow petitioners to raise ineffective-trial-counsel claims on direct appeal (or made it virtually impossible to do so)." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014) (emphasis in original). Berry's petition is governed squarely by the language of § 2244(b)(1), which admits no exceptions.

2. Berry did not exercise due diligence under §2244(b)(2)(B)(i). Berry argues that he was able to obtain the exculpatory evidence only after his sister set up a website for him. Berry admits, however, that "he did not seek his family's help until 2009." Berry is certainly correct that "there is nothing to suggest" that his family "would have had the finances or means to assist him" had he contacted them earlier, but he misunderstands the burden of the inquiry. It is *Berry*'s burden to show that he attempted to contact Pearce—or, in the alternative, that his

attempts to contact Pearce were frustrated by a lack of resources. The absence of evidence does not work in Berry's favor.

Moreover, the transcript reveals that very few resources were required to discover any of the pieces of "new" evidence on which Berry relies. Pearce was found through an internet search that revealed his Texas phone number. The additional information concerning the towing harness box was discovered by searching for the part number on eBay. Berry had sixteen years to conduct—or have a family member conduct—these searches. Without an explanation for why he did not do so, he cannot satisfy the due diligence standard.

3. Even if Berry were able to show that he satisfied the due diligence standard, he fails to "establish[] that he is actually innocent of the crimes alleged." *King v. Trujillo*, 638 F.3d 726, 730 (9th Cir. 2011). Berry was convicted on the cumulative strength of two pieces of evidence: Pearce's testimony and Berry's fingerprints on the box. He fails to undermine the state court's conclusion as to either one.

After "closely observ[ing] Mr. Pearce testify under oath," the state court concluded that "Pearce's recantation is untruthful and is not entitled to belief." This court is "required to defer" to that finding, *Sophanthavong v. Palmateer*, 378 F.3d 859, 867 (9th Cir. 2004), as the Anti-Terrorism and Effective Death Penalty

Act of 1996 (AEDPA) "gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them." *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983). Moreover, courts have long viewed recantation testimony with suspicion. *Allen v. Woodford*, 395 F.3d 979, 994 (9th Cir. 2005); *see also Dobbert v. Wainwright,* 468 U.S. 1231, 1233 (1984) (Brennan, J., dissenting from denial of certiorari) ("Recantation testimony is properly viewed with great suspicion."). We have no license to depart from the state court's suspicion and rejection of Pearce's recantation under these circumstances.

As to the towing harness box, Berry argues that the new evidence shows that "there are numerous plausible ways, other than participation in the murder, in which Berry's fingerprints could have gotten on the box." While true, that falls well short of what Berry is required to prove. Berry faces a "heavy burden." *King*, 638 F.3d at 730. To establish that he is "actually innocent of the crimes alleged," Berry must provide clear and convincing evidence that no reasonable jury would find him guilty of murder. *Id.* Kicking up dust surrounding the origins of the box is not sufficient to meet this high bar. A reasonable factfinder could conclude that Berry touched the box in the course of the murders.

**AFFIRMED.**

6



FILED

DEC 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

***Berry v. Montgomery*, Case No. 17-55558
Rawlinson, Circuit Judge, concurring**

I concur in the result.