**FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FRANK JARVIS ATWOOD,

Petitioner,

v.

DAVID SHINN, Director,

Respondent.

No.   22-70084

OPINION

Application to File Second or Successive Petition
Under 28 U.S.C. § 2254

Argued and Submitted May 24, 2022
San Francisco, California

Before:  M. Margaret McKeown, Consuelo M. Callahan, and Sandra S. Ikuta,
Circuit Judges.

Per Curiam

On May 4, 2022, Petitioner Frank Jarvis Atwood filed a motion for an order

authorizing the district court to consider a second or successive habeas petition as

required by 28 U.S.C. § 2244(b)(3)(A).  Atwood seeks leave to file a habeas

petition raising three claims: (1) the use of his 1975 California conviction for lewd

and lascivious conduct with a child under the age of fourteen years as an

aggravating circumstance to qualify him for the death penalty violates the Eighth

and Fourteenth Amendments; (2) the State withheld material exculpatory evidence in violation of the Fourteenth Amendment and *Brady v. Maryland*, 373 U.S. 83 (1963); and (3) he is actually innocent and his execution would violate the Eighth and Fourteenth Amendments. Because Atwood has failed to make a prima facie showing that his proposed petition meets the criteria set forth in 28 U.S.C. § 2244(b)(2)(B), the motion is denied.

## I

In 1985, Frank Jarvis Atwood was found guilty of kidnapping and first-degree felony murder and sentenced to death. On direct appeal, Atwood argued that his 1975 California conviction could not be used as an aggravating circumstance under section 13–703(F)(1) of the later-revised Arizona Revised Statutes. He also argued that use of section 13–703(F)(1) violated his Eighth Amendment rights (this is referred to as the "Eighth Amendment claim"). The Arizona Supreme Court rejected these claims and affirmed Atwood's conviction and sentence. *State v. Atwood*, 832 P.2d 593 (1992). The U.S. Supreme Court denied certiorari. *Atwood v. Arizona*, 506 U.S. 1084 (1993).

In 1996, Atwood filed his first state habeas petition for post-conviction relief. The Arizona Superior Court denied relief on all claims. The Arizona Supreme Court denied review, and the U.S. Supreme Court denied certiorari.

Atwood filed his first habeas petition in federal district court in 1998. In

2

June 2005, the district court dismissed some of Atwood's claims on procedural grounds and in May 2007, it denied relief on the remaining claims but granted a certificate of appealability on the Eighth Amendment claim and one other claim.

In December 2007, Atwood filed his second state habeas petition to exhaust a law enforcement misconduct claim. Eventually, the law enforcement misconduct claim was denied by the Arizona Superior Court and the Arizona Supreme Court denied his petition for review. While this petition was pending, the State offered Atwood access to additional discovery. Atwood filed a motion for rehearing based on this new discovery, but the state trial court denied the motion and the Arizona Supreme Court again denied Atwood's petition for review.

Having exhausted his law enforcement misconduct claim in state court, Atwood returned to federal district court in January 2012 for a ruling on this claim. After permitting additional briefing, the district court dismissed the law enforcement misconduct claim. At this point, all of Atwood's federal habeas claims had been dismissed.

However, in light of the Supreme Court's March 2012 opinion in *Martinez v. Ryan*, 566 U.S. 1 (2012), the district court allowed Atwood to file a motion for reconsideration of its prior dismissal of his ineffective assistance of sentencing counsel claim as procedurally barred. In January 2014, after a four-day evidentiary hearing, the district court denied the motion for reconsideration. Consistent with a

revised certificate of appealability issued by the district court, Atwood filed a notice of appeal raising three claims, including the Eighth Amendment claim.

In September 2017, we affirmed the denial of Atwood's petition for a writ of habeas corpus. *Atwood v. Ryan*, 870 F.3d 1033 (9th Cir. 2017). We held, *inter alia*, that "the state court could reasonably have concluded that section 13–703(F)(1) meets the requirements set forth in *Furman* and *Gregg* for guiding a sentencing body's decision as to death eligibility." *Id*. at 1049 (citing *Furman v. Georgia*, 408 U.S. 238 (1973), and *Gregg v. Georgia*, 428 U.S. 153 (1976)). The Supreme Court denied Atwood's motion to file a petition for certiorari out of time. *Atwood v. Ryan*, 139 S. Ct. 298 (2018).

In April 2019, Atwood initiated a third post-conviction proceeding in the Arizona Superior Court raising several sentencing claims, including an allegation that the (F)(1) aggravating circumstance was constitutionally infirm. The Arizona Superior Court denied relief in June 2020, and the Arizona Supreme Court denied review in May 2021.

In June 2021, Atwood filed another successive post-conviction notice in the Arizona Superior Court relating to some of the physical evidence against him. Counsel was appointed and a petition was filed in November 2021. The petition was denied in February 2022.

On May 3, 2022, the Arizona Supreme Court issued a warrant scheduling

Atwood's execution for June 8, 2022.

## II

### A

We have jurisdiction to consider the motion pursuant to 28 U.S.C. § 2244(b)(3)(B) ("A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals."). Subsection (C) states that we may authorize the filing of a successive application only if we determine "that the application makes a prima facie showing that the application satisfies the requirements of this subsection." *Id.* § 2244(b)(3)(C).

Section 2244(b)(2) states that a new claim asserted in a second or successive habeas corpus application under § 2254 "shall be dismissed" unless one of two criteria are met. First, the applicant may show that the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." Atwood's motion does not invoke this ground. Alternatively, the applicant may show that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" **and** the alleged facts, if proven and viewed in the light of all the evidence, "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying

offense."

**B**

Atwood admits that he is seeking to file a successive petition and that such a petition is "generally subject to the provisions of § 2244(b)." But Atwood asserts that the requirements of § 2244(b)(2)(B) are not applicable to a claim of innocence of the death penalty. Therefore, he does not argue that his first claim, regarding his 1975 California conviction, meets the requirements of § 2244(b)(2)(B). Instead, he argues that his first claim ought to be excused from satisfying § 2244(b)(2)(B)'s requirements under the equitable exception for claims of actual innocence of the death penalty recognized by the Supreme Court in *Sawyer v. Whitley*, 505 U.S. 333 (1992).

We disagree because this argument is foreclosed by our decision in *Thompson v. Calderon*, 151 F.3d 918, 923–24 (9th Cir. 1998) (en banc), *as amended* (July 13, 1998), which recognized that the *Sawyer* exception was subsumed, with respect to § 2244(b)(2), by the amendments to that provision enacted as part of the Antiterrorism and Effective Death Penalty Act (AEDPA). Consequently, we assess all of Atwood's new claims against the criteria set out in § 2244(b)(2)(B). Because *Sawyer* provides no equitable exception to § 2244(b)(2)(B)'s requirements, and because Atwood does not assert that his first claim otherwise meets those requirements, Atwood's first claim does not make a

6

prima facie showing that it meets the requirements for an exception to the bar on second or successive petitions. *See* § 2244(b)(3)(C).

Even if we considered whether Atwood's claim could meet the requirements of § 2244(b)(2)(B) (despite his lack of argument on this point), we conclude that it could not. Section 2244(b)(2)(B) requires that the "factual predicate for the claim could not have been discovered previously through the exercise of due diligence," § 2244(b)(2)(B)(i), and that the "facts underlying the claim, if proven and viewed in light of the evidence as a whole," would establish his innocence by clear and convincing evidence. § 2244(b)(2)(B)(ii). Because Atwood's first claim is not based on facts or a factual predicate, this language is inapplicable by its terms.

And even if we read § 2244(b)(2)(B)(i) as permitting an applicant to show that the *legal* "predicate for the claim could not have been discovered previously through the exercise of due diligence," Atwood has not shown that he acted diligently in pursuing his first claim. His California conviction was the sole aggravating circumstance rendering him eligible for the death penalty, and Atwood has challenged it from the very beginning. *See Atwood*, 832 P.2d at 664 (Atwood "argues that his 1975 conviction cannot be used to establish a § 13–703(F)(1) aggravating circumstance"). The constitutional challenge to the use of the California conviction that was rejected by the Arizona Supreme Court in 1992 is arguably different from the constitutional challenge he now asserts, but his counsel

at oral argument on the motion admitted that the claim, as now phrased, could have been raised earlier. Atwood has failed to point to any intervening change in law or fact to excuse this default. The first claim presented by Atwood's proposed petition does not meet the diligence requirement of § 2244(b)(2)(B)(i), even assuming that prong addressed legal predicates.

## C

Atwood's *Brady* claim also fails to meet the requirements of § 2244(b)(2)(B). Atwood contends that in the summer of 2021, during an inspection of the Arizona Attorney General's case file, his counsel "discovered a memorandum written by an FBI Special Agent on September 19, 1984 (i.e., two days after the disappearance, and before police had identified and arrested Mr. Atwood as a suspect) noting that the Phoenix Police Department had received an anonymous phone call from a woman who reported seeing Vicki Lynn[e] Hoskinson in a vehicle with Arizona license plate 3AM618." Atwood further represents that the referenced vehicle was not his car but belonged to Annette Fries's next-door neighbor. He argues that it is likely "that Fries or her son called in the tip, and used a convenient known license plate number that was not theirs in an attempt to either exact revenge against a neighbor or throw police off their trail."

Atwood's *Brady* claim does not meet the standard in § 2244(b)(2)(B)(ii)

8

because he has not made a prima facie showing that the unreported anonymous phone call, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found" him guilty.

In light of all the information Atwood had concerning Fries at the time of his trial, it is unlikely that the disclosure of the anonymous phone call would have changed anything. The State alleged, and Atwood does not deny, that at the time of trial Atwood had information that:

> (1) witnesses reported seeing V.L.H. at a local mall in the company of a woman matching Fries's description; (2) Fries "gave shifting information about her whereabouts at the time of the disappearance"; (3) Fries had been charged with crimes related to her attempt to burn down her trailer, but was found incompetent to stand trial; (4) a woman matching Fries's description was seen "in the days surrounding the disappearance driving a car very similar to Mr. Atwood's"; (5) witnesses described seeing a woman matching Fries's description attempt "to kidnap other children in the days surrounding the disappearance"; and (6) a defense witness "had experienced intimidation and harassment . . . as potential revenge for her testimony on Mr. Atwood's behalf."

As all of this did not sway the jury, it is unlikely that the anonymous phone call would have made a difference, even after it was determined that the reported license plate belonged to Fries's neighbor.

Moreover, § 2422(b)(2)(B)(ii) requires that the new material be considered "in light of the evidence as a whole." Here, the Arizona Supreme Court in 1992

9

noted:

> Although we cannot know from the facts presented at trial exactly what happened to the victim when she was taken to the desert, we do know that (1) defendant, a convicted pedophile, was seen within yards of the girl literally seconds before she vanished; (2) witnesses identified defendant as the man they saw driving with a young child in his car; (3) defendant was seen later that afternoon with blood on his hands and clothing; and (4) defendant was also seen with cactus needles in his arms and legs.

*Atwood*, 832 P.2d at 616. We cannot conclude that the disclosure of the unreported anonymous phone call would have had any effect on Atwood's trial and conviction.

## D

Finally, Atwood has not made a prima facie showing in support of his freestanding actual innocence claim. The claim asserts that the *Brady* material is new evidence showing that Atwood is not guilty of the underlying offense. But as we explained above, the unreported anonymous phone call does not approach demonstrating, by "clear and convincing evidence," that Atwood is not guilty. The phone call is not evidence that Atwood did not commit the murder, or that someone else committed the murder. Rather, Atwood supposes that the phone call was made by Fries or her son with the intent of leading the investigators away from Fries. Even if this were true and Atwood could prove it, it still would not be clear and convincing evidence that Atwood was innocent.

10

**III**

Because Atwood has not made a prima facie showing that his proposed petition meets the criteria set forth in 28 U.S.C. § 2244(b)(2)(B), the motion for an order authorizing the district court to consider a second or successive habeas petition is **DENIED**.