NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 19 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TROY SMITH,<br><br>  Petitioner-Appellant,<br><br> v.<br><br>MATTHEW BROOMFIELD, Warden, San Quentin State Prison,<br><br>  Respondent-Appellee. | No.  20-17037<br><br>D.C. No. 3:19-cv-08152-SI<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted November 15, 2022
San Francisco, California

Before:  S.R. THOMAS and BENNETT, Circuit Judges, and LASNIK,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Petitioner Troy Smith appeals the district court's order denying his motion to proceed with a second habeas corpus petition. We have jurisdiction under 28 U.S.C. § 2253(a) and review de novo a district court's determination that a habeas petition is "second or successive" for purposes of 28 U.S.C. § 2244(b). *Wentzell v. Neven*, 674 F.3d 1124, 1126 (9th Cir. 2012). We affirm.

This case arises out of a robbery of a San Francisco jewelry store. Smith was convicted of robbery and related offenses in 2006. In his first habeas petition, Smith raised a *Brady* claim regarding the prosecution's failure to timely disclose a history of misconduct by Inspector Gardner, the lead investigator. We affirmed the district court's denial of the petition. *Smith v. Chappell*, 664 F. App'x 621, 623 (9th Cir. 2016).

Smith claims that in December 2016, he received a declaration by George Turner in the mail. Turner died on December 15, 2016, nine days after purportedly signing the declaration. The declaration states that Turner was one of the robbers, that Smith was innocent of the robbery, that the lead state prosecutor met with Turner in the absence of Turner's counsel and conditioned Turner's plea agreement on him not testifying in Smith's favor, and that there are innocent explanations for otherwise-incriminating evidence found by Inspector Gardner that were critical to Smith's conviction. In 2017, Smith filed a state-court habeas petition based on the Turner declaration. Smith raised two claims: prosecutorial misconduct that

violated his constitutional rights and a *Brady* violation over the failure to disclose Inspector Gardner's history of misconduct.

The San Francisco Superior Court denied the petition on the merits in an order that was the last reasoned state-court decision. After exhausting his state-court claims, Smith filed another habeas petition in federal court.[1] The district court held that his petition did not satisfy the gatekeeping requirements of § 2244(b) for "second or successive" habeas petitions.

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may grant a writ of habeas corpus only if the state court's decision on the merits was either "contrary to, or involved an unreasonable application of, clearly established Federal law" or "based on an unreasonable determination of the facts." 28 U.S.C. § 2254(d); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). State-court findings of fact are to be presumed "correct" unless the petitioner rebuts the presumption with "clear and convincing evidence," 28 U.S.C. § 2254(e)(1), and are "not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance," *Wood v. Allen*, 558 U.S. 290, 301 (2010). "AEDPA greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas

---

[1] Smith first sought and obtained leave from this court to file a "second or successive" petition. Dkt. No. 8.

3

corpus applications." *Tyler v. Cain*, 533 U.S. 656, 661 (2001).

If a habeas petitioner "asserts a claim that was *not* presented in a previous petition, the claim must be dismissed unless it falls within one of two narrow exceptions." *Id.* at 661–62 (emphasis in original). The exception relevant here requires that:

> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

The district court correctly determined that Smith's prosecutorial misconduct claim fails because he has not demonstrated that he exercised due diligence in discovering the factual predicate for this claim. The due-diligence determination "turns on two factors: (1) whether the petitioner was on inquiry notice to investigate further, and, if so, (2) whether the petitioner took reasonable steps to conduct such an investigation." *Solorio v. Muniz*, 896 F.3d 914, 921 (9th Cir. 2018). Smith "was on inquiry notice to investigate further" from the point in his jury trial in 2006 when Turner did not testify for Smith despite telling Smith's counsel that he would testify and offer exonerating evidence. However, Smith "did not make *any* attempts to obtain this exculpatory evidence from Mr. Turner

4

after his trial," or credibly explain why he made no attempt to contact Turner in the intervening decade.

Even if we found that Smith demonstrated due diligence, his claim would not satisfy § 2244(b)(2)(B)(ii), as the facts underlying the claim originate from a declaration that is inadmissible hearsay under both federal and California law. Without admissible new evidence, Smith necessarily cannot show "by clear and convincing evidence" that "no reasonable factfinder" would have convicted him. § 2244(b)(2)(B)(ii). Turner's declaration is not admissible as a dying declaration because the statements are not about the "cause or circumstances" of his death, and he did not make those statements while believing his death to be "imminent." Fed. R. Evid. 804(b)(2); *see* Cal. Evid. Code § 1242 (West 2022).

California has no residual hearsay exception. *In re Cindy L.*, 947 P.2d 1340, 1348 (1997); *see* Cal. Evid. Code § 1200(b) (West 2022). But even if the federal rules were relevant here, Turner's declaration is not admissible under the residual hearsay exception. *See* Fed. R. Evid. 807. The state court made a detailed evaluation of both the declaration and its statements.[2] Smith has not demonstrated with clear and convincing evidence that that court's factual determinations

---

[2]    For example, the state court found "highly unlikely" the declaration's explanations for how Smith's fingerprints ended up on an incriminating piece of evidence and noted that the declaration did not name any of Turner's companions during an event even though video evidence showed he was accompanied by another person at that time.

regarding the declaration's lack of trustworthiness were incorrect, and we do not find unreasonable its conclusion that "the declaration is not credible."

Smith's *Brady* claim must be dismissed because it was "presented in a prior application." 28 U.S.C. § 2244(b)(1). This court has already determined that the belatedly disclosed *Brady* evidence regarding Inspector Gardner's credibility would have been "highly probative impeachment material" but that "it was not unreasonable for the state court to conclude that there [was] not a reasonable probability that" the evidence "would have changed the jury's verdict" in light of the strength of the evidence against Smith. *Chappell*, 664 F. App'x at 623. Smith contends that his second *Brady* claim is different because the statements in Turner's alleged declaration—by providing a plausible, innocent explanation to the incriminating evidence that Gardner found—provide the "materiality" of the *Brady* violation.

But a "claim in a successive petition is barred when its 'basic thrust or gravamen' is the same as a claim that's already been raised, even if it's supported by new factual allegations or legal arguments." *Gimenez v. Ochoa*, 821 F.3d 1136, 1141 (9th Cir. 2016) (quoting *Babbitt v. Woodford*, 177 F.3d 744, 746 (9th Cir. 1999)). As the district court determined, the statements in Turner's declaration are merely "new factual allegations" and Smith's reliance on them for the "materiality" of the *Brady* violation is merely a new "legal argument" for a claim

that the state court has already held was "decided and denied."

We may still hear the merits of a second or successive habeas petition if failure to do so would result in a "miscarriage of justice," a limited exception for habeas petitioners who can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (citation omitted). Here, the state court has already decided that Smith does not meet this high standard, and Smith does not rebut this conclusion with "clear and convincing evidence." 28 U.S.C. § 2244(b)(2)(B). Smith's bare-bones argument that this is "a truly extraordinary case in which the evidence establishes that appellant is actually innocent," does not "persuade us that every juror would have voted to acquit him." *Lee v. Lampert*, 653 F.3d 929, 946 (9th Cir. 2011) (Kozinski, J. concurring) (citing *Schlup*, 513 U.S. at 327).

**AFFIRMED.**