NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT HENRY,

        Petitioner,

  v.

LANDON BIRD,

        Respondent.

No. 24-2415

MEMORANDUM[*]

Application to File Second or Successive Petition
Under 28 U.S.C. § 2254

Submitted October 21, 2025[**]
San Francisco, California

Before: PAEZ, BEA, and FORREST, Circuit Judges.

Petitioner Robert Henry seeks authorization to file a Second or Successive

(SOS) petition for a writ of habeas corpus under 28 U.S.C. § 2254. A petitioner must

first obtain an order from the court of appeals authorizing an SOS petition before

filing it in the district court. 28 U.S.C. § 2244(b)(3)(A); *Gage v. Chappell*, 793 F.3d

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1159, 1164 (9th Cir. 2015). This court may authorize the filing of an SOS petition only if the petitioner makes a prima facie showing that satisfies the requirements of 28 U.S.C. § 2244(b). 28 U.S.C. § 2244(b)(3)(B)–(C). Because he has not made a prima facie showing, we deny Henry's application.

Henry's SOS application is based on newly discovered evidence. Specifically, a recently enhanced audio recording of his co-conspirator Jeffrey Taggart's statement to the police, which Henry asserts evidences that the gunman Henry hired to kill Cedric Turner had an independent motive to kill the eventual, unintended victim, Andre Johnson. According to Henry, if the gunman did not kill the victim in attempting to fulfill his agreement with Henry to kill Turner, Henry's conviction for first-degree murder conviction based on a transferred intent theory was in error. To prevail, Henry must make a prima facie showing that "(i) the factual predicate for [his] claim[s] could not have been discovered previously through the exercise of due diligence" and "(ii) the facts underlying the claim[s], if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Henry] guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). In other words, Henry must make a prima facie showing of "due diligence" and "actual innocence." *See Gage*, 793 F.3d at 1166.

**1.** ***Due Diligence.*** Henry has failed to show that he could not have

discovered the factual predicate for his claims before his first federal habeas proceeding through the exercise of due diligence. We analyze the due-diligence element in two parts: "(1) whether the petitioner was on inquiry notice to investigate further, and, if so, (2) whether the petitioner took reasonable steps to conduct such an investigation." *Solorio v. Muniz*, 896 F.3d 914, 921 (9th Cir. 2018) (citing *Babbitt v. Woodford*, 177 F.3d 744, 747 (9th Cir. 1999)). Here, Henry had notice to investigate further because the transcript of the audio recording used to refresh the detective's recollection at trial had an ellipsis indicating omitted language. And the omitted language was discussed at Brewer's trial, the records of which Henry had access. Further, there is no evidence that Henry ever took reasonable steps to ascertain the missing language by, for example, attempting to enhance the recording or asking either his co-conspirator or the detective what was said in the interview.

**2.** *Actual Innocence.* Even if Henry had exercised due diligence, the evidence from the enhanced audio recording does not establish by clear and convincing evidence that, had it been presented, "no reasonable factfinder would have found [Henry] guilty." 28 U.S.C. § 2244(b)(2)(B)(ii); *Atwood v. Shinn*, 36 F.4th 834, 838 (9th Cir. 2022).

The strength of this evidence depends on Jeffrey's credibility. The California Court of Appeals found Jeffrey to be "the least believable of any witness Henry relie[d] upon." *In re Henry*, No. A160596, 2021 WL 4451345, at *10 (Cal. Ct. App.

Sep. 29, 2021). The magistrate judge presiding over the evidentiary hearing in Henry's first federal habeas proceeding similarly opined, "[n]ot only [were] Jeffrey's varying accounts wildly inconsistent, and his memory repeatedly unreliable, his demeanor at the evidentiary hearing was not at all convincing," and concluded, "[t]he court finds that Jeffrey is not a credible witness." *Henry v. Marshall*, No. CIV S-94-0916 JKS EFB P, 2010 WL 2179896, at \*12 (E.D. Cal. May 27, 2010) (alteration in original). We must accept these credibility determinations absent a showing of error by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Charboneau v. Davis*, 87 F.4th 443, 457 (9th Cir. 2023); *see also Lambert v. Blodgett*, 393 F.3d 943, 964 (9th Cir. 2004) (factual findings of district court are reviewed for clear error).

In any case, even if Jeffrey were credible, the evidence "neither shows that [Henry] is actually innocent nor negates the impact of the substantial other evidence against him." *King v. Trujillo*, 638 F.3d 726, 732 (9th Cir. 2011). As explained by the California Court of Appeals:

> We think it implausible that any rational juror would accept a double hearsay statement in which Jeffrey attributes to [the gunman] a belief about Johnson pulling a gun just before being shot—an observation no witness testifying from personal knowledge, including Jeffrey himself, ever made—and then rely on that sliver of hearsay to justify the conclusion that [the gunman] shot Johnson for his own reasons rather than by mistake in the course of executing his assigned task.

*In re Henry*, 2021 WL 4451345, at \*10.

Accordingly, Henry has not satisfied either element of 28 U.S.C. § 2244(b)(2)(B), and his SOS application must be denied.

**3.** ***Freestanding Actual-Innocence Claim.*** Finally, to the extent that Henry is attempting to assert a freestanding actual-innocence claim—a claim of innocence independent of any constitutional error—it also fails. *See Herrera v. Collins*, 506 U.S. 390 (1993); *Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (en banc). Even assuming such a claim is cognizable, Henry's failure to demonstrate a showing of actual innocence by clear and convincing evidence falls far below the "extraordinarily high" showing required under *Carriger*. *See* 132 F.3d at 477; *Gimenez v. Ochoa*, 821 F.3d 1136, 1145–46 (9th Cir. 2016).

**DENIED.**